UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUY ANDERSON,

        Plaintiff,

    v.

PACIFIC COAST MARITIME, INC., et al.,

        Defendants.

CASE NO. C06-134JLR

ORDER

    This matter comes before the court on Plaintiff's Motion for Maintenance and Cure (Dkt. # 12).

    On or about May 22, 2004, Plaintiff Guy Anderson was working as a crane operator/deckhand aboard the tug M/V GYRFALCON. He alleges he slipped on the deck and hurt his back. All parties agree that Mr. Anderson is overweight. He is 67 inches tall, and his weight has varied over the last ten years from 235 to 264 pounds. At issue in the instant motion is whether Defendants should reinstate Plaintiff's maintenance and pay for a gastric bypass procedure.

    A shipowner's obligation to provide maintenance and cure has its roots in ancient maritime law. Vaughan v. Atkinson, 369 U.S. 527, 532 n.4 (1962). When a seaman is injured in service of his vessel, the shipowner has an obligation not only to bring the seaman to a port for treatment, but to pay maintenance (compensation for room and board

ORDER – 1

equivalent to what the seaman would have received aboard the vessel) and cure (payments for medical treatment necessary to restore the seaman to health). Id.; see also MARTIN J. NORRIS, THE LAW OF SEAMEN §§ 26:5-26:6 (3d ed. 1985). Maintenance and cure are available even where the shipowner is not at fault for the seaman's injury in the service of the vessel. Berg v. Fourth Shipmor Assocs., 82 F.3d 307, 309 (9th Cir. 1996). A seaman's entitlement to maintenance and cure continues until he reaches "maximum cure" – a recovery as complete as the injury or illness allows. Id.

On the record before the court, there is no evidence disputing Plaintiff's allegations that he was injured aboard the GYRFALCON. There is also no evidence to contradict Dr. Sam Assam's conclusion that Plaintiff currently suffers from vertebral degeneration, disk bulging, nerve-root compression, and annular disk tears. There is no evidence to contradict Dr. Assam's assertion that Plaintiff is currently unable to return to work because of serious back pain. Thus, on the record before the court, Plaintiff has not reached maximum cure. Defendants therefore erred in discontinuing maintenance.

Putting the maintenance issue aside, the parties contest the most appropriate treatment for Plaintiff's back. Dr. Assam lobbies for a gastric bypass procedure. In his opinion, Plaintiff's weight makes his injuries much more painful. He believes that Plaintiff's rapid weight loss in the aftermath of the gastric surgery would relieve his pain to the point that he would be able to return to work. He believes that the outcome from the gastric bypass surgery would be better than the outcome from a back surgery.

Defendants disagree. Their own physician opines that there would be no orthopedic benefit to weight loss or gastric bypass surgery. He does not explain what course of treatment would best cure Plaintiff's injury. In addition, Defendants suggest that to the extent weight loss will benefit Plaintiff's back, he should simply diet.

ORDER – 2

The court has no means to resolve the dispute between the parties' dueling doctors. Indeed, it is not clear that the court can resolve this dispute without trial. In any event, it cannot decide the dispute on the record before it. The court leaves it to the parties to develop a means for determining which "cure"[1] is most appropriate for Plaintiff. Until the issue is resolved, Defendants must continue maintenance payments.

For the reasons stated above, the court GRANTS Plaintiff's motion (Dkt. # 12) to the extent it seeks continued maintenance payments, but DENIES the motion to the extent that it seeks payment for gastric bypass surgery, and to the extent it seeks attorneys' fees.[2] Defendants shall pay Plaintiff for all maintenance payments they have withheld, and shall continue such payments in accordance with this order.

Finally, the court admonishes the parties to conduct themselves in a civil manner befitting officers of the court. Some of the conduct of the parties and the tone of their briefing ("a hired gun, with an M.D. after his name") suggests that they are not currently meeting this standard.

Dated this 28th day of June, 2006.

JAMES L. ROBART
United States District Judge

---

[1] The court acknowledges that Defendants did not cause Plaintiff to become overweight. Defendants have no obligation to cure this pre-existing condition. However, if the most appropriate means of curing the debilitating pain arising from Plaintiff's injury is to reduce his weight, then this is the cure to which Plaintiff is entitled. It is axiomatic that a defendant must take the plaintiff as he finds him. That Plaintiff's weight apparently makes his injury more severe than it would be for a lighter person is no defense to liability.

[2] The court also denies Defendants requests to strike the declarations Plaintiff submitted with his reply brief. The court notes, however, that other than Plaintiff's admissions about his weight, the court has not relied on any evidence contained in those declarations in reaching its decision on the instant motion.

ORDER – 3